# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
VICTOR MORALES,                    *
                                   *    No. 17-694V
              Petitioner,          *
                                   *    Special Master Christian J. Moran
                                   *
v.                                 *
                                   *    Filed:  May 20, 2019
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *    Attorneys' fees and costs.
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * *
```

Diana L. Stadelnikas, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner;
Glenn A. MacLeod, United States Dep't of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

Victor Morales brought a successful petition for compensation in the
National Childhood Vaccine Compensation Program, 42 U.S.C. §§300aa-10
through 34 (2012).  He now seeks an award for attorneys' fees and costs.  He is
awarded $24,539.15.

*       *       *

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the
undersigned is required to post it on the United States Court of Federal Claims' website in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services).  This means the ruling will be
available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b),
petitioners have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material before posting the ruling.

Represented by Diana Stadelnikas, Mr. Morales filed a petition for compensation on May 25, 2017.  In his petition, petitioner alleged that the flu vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), and which he received on or about September 3, 2015, caused him to suffer transverse myelitis.

Thanks to the efforts of both counsel for petitioner and respondent, the parties were able to resolve the case informally.  The parties submitted a joint stipulation that was adopted as the decision on this petition.  <u>Decision</u>, issued Dec. 21, 2018, 2018 WL 7107588.

On February 13, 2019, petitioners moved for reimbursement of attorneys' fees and costs, requesting $23,733.70 in attorneys' fees and $805.45 in attorneys' costs.  Pet'r's Mot. for Attorneys' Fees and Costs, exhibit 18, 19, 24.  This amount included $5,145.00 in fees Mr. Morales owes to his first attorney, Ms. Joanne Garone.

On February 22, 2019, respondent filed his response to petitioner's motion. In his response, respondent stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and deferred to the undersigned's discretion to "determine a reasonable award for attorneys' fees and costs."  Resp't's Resp., filed Feb 22, 2019, at 2-3.  Petitioner submitted a reply on February 25, 2019.

This matter is now ripe for adjudication.

\*     \*     \*

Because Mr. Morales received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether Mr. Morales' requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.     Reasonable Hourly Rate

The hourly rates charged by Ms. Stadelnikas and the associates at her firm are in line with those previously awarded by other special masters.  See, e.g., Hooper v. Sec'y of Health & Human Servs., No. 17-355V, 2019 WL 1875380, at *1 (Fed. Cl. Spec. Mstr. Mar. 22, 2019).  The undersigned agrees that the rates requested are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Ms. Stadelnikas's billing statement is, characteristically, well-done.  The line entries are sufficiently detailed to allow the undersigned to evaluate the reasonableness of the time spent on Mr. Morales's petition.  The undersigned finds that the number of hours billed by Ms. Stadelnikas and her associates is reasonable for the work performed.

C.     Costs

Petitioner also request $805.45 in costs incurred by his attorney.  These costs reflect routine costs including the court's filing fee, costs associated with obtaining medical records, and shipping costs. All the requested costs are reasonable and awarded in full.

D.    Attorneys' Fees of Mr. Morales's First Attorney

Mr. Morales also included with his request for fees an invoice from his first attorney, Ms. Joanne Garone.  Pet'r's Mot. for Attorneys' Fees and Costs, exhibit 24.  Ms. Garone charged a reasonable hourly rate based upon her 30 years of experience considering her lack of experience in the Vaccine Program.  Ms. Garone also charged a reasonable number of hours based upon the work that she performed on Mr. Morales's case.  Accordingly, her requested invoice is awarded in full.

For the reasons stated above, petitioner is awarded:

1.  **A lump sum of $19,394.15 in the form of a check made payable to petitioner and petitioner's attorney, Diana Stadelnikas.**

2.  **A lump sum of $5,145.00 in the form of a check made payable to petitioner and petitioner's attorney, Joanne Garone.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

4